**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LORI A. COLWELL, | Case No. 2:20-cv-00544-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Lori A. Colwell's ("Plaintiff") application for supplemental security income under Title XVI of the Act.  The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 14) and Memorandum (ECF No. 15), filed on August 21, 2020, and the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 17-19), filed on September 18, 2020.  Plaintiff filed a Reply (ECF No. 20) on October 8, 2020.  The Court finds this matter properly resolved without a hearing.  LR 78-1.

I.      **BACKGROUND**

1.      **Procedural History**

Plaintiff filed a prior application for supplemental security income on December 14, 2009, which was denied and not appealed.  She filed another application for supplemental security income on October 13, 2011, alleging an onset date of December 1, 2000.  AR[1] 168-173. Plaintiff's claims were denied initially and on reconsideration.  AR 96-100.  A hearing was held

_____

[1] AR refers to the Administrative Record in this matter.  (Certified Administrative Record (ECF No. 13).)

before an Administrative Law Judge ("ALJ") on August 7, 2013.  AR 39-75.  On September 6, 2013, the ALJ issued a decision denying Plaintiff's claim.  AR 22-34.  The Appeals Council denied review on February 14, 2014.  AR 1-6.  Plaintiff appealed that decision to the District Court and Judge Mahan remanded for further proceedings.  AR 524-592.  In compliance with that Order, the Appeals Council ordered the case be remanded to the ALJ.  AR 593-596.  Plaintiff received another hearing before the ALJ on February 1, 2019.  AR 453-523 and 593-596.  On May 9, 2019, the ALJ issued a partially favorable decision finding that Plaintiff became disabled on January 2, 2016, but was not disabled prior to that date.  AR 432-445.  The ALJ's decision became the final decision of the Commissioner of Social Security once the Appeals Council denied review on January 21, 2020.  AR 420-424.  On March 18, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g).  (*See* Complaint, ECF No. 1).)

## 2. The ALJ Decision

In issuing the partially favorable decision dated May 9, 2019, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  AR 429-452.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date.  *Id.* at 434.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee pair, and fibromyalgia and non-severe impairments of anxiety, obesity, gastritis, gastroesophageal reflux disease, hernia, and diverticulosis.  *Id.*  He rated the paragraph B criteria as mild limitation, mild limitation, mild limitation, and no limitations.  *Id.* at 435-436.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CRF 416.920(d), 416.925, and 416.926) and specifically considered Listings 1.02 and 1.04.  *Id.* at 435.

The ALJ found that since December 1, 2000, Plaintiff has the residual functional capacity to perform a reduced range of sedentary work as defined in 20 CFR 416.967(a) except that: standing and walking is limited to only 4 hours in an 8-hour workday; she requires a sit-stand option that would allow her to work while sitting or standing, alternating between the two

positions with the time in either position and the frequency of position change at the sole discretion of the employee; she can never climb ladders, ropes or scaffolds, but occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to chemicals and pulmonary irritants such as smoke, fumes, odors, gases, and poorly ventilated areas; she must avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery. AR 437. At step four, the ALJ found that Plaintiff has no past relevant work. *Id.* at 442.

At step five, the ALJ found Plaintiff to be a younger individual age 45-49 prior to the established disability onset age and then in the closely approaching advanced age category on January 2, 2016, has a limited education and is able to communicate in English, and transferability of job skills is not material. Prior to January 2, 2016, the ALJ found that by utilizing the Medical-Vocational Rule 201.18 along with vocational expert testimony to determine the erosion of the unskilled sedentary occupational base, there were jobs that Plaintiff could perform including: call out operator, order clerk, information clerk, inspector, mail sorter, and document preparer. *Id.* at 443. Beginning on January 2, 2016, the ALJ found she was disabled pursuant to Medical-Vocational Rule 201.09. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time prior to January 2, 2016, but became disabled on that date and continues to be disabled through the date of the decision. *Id*. at 445. He found that medical improvement is expected with appropriate treatment and recommended a continuing disability review in 12 months. *Id.*

## II.    DISCUSSION

### 1.    Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and

transcripts of the record, a judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The
Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the
Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.
*See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the
Commissioner's findings may be set aside if they are based on legal error or not supported by
substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.
2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines
substantial evidence as "more than a mere scintilla but less than a preponderance; it is such
relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d
1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are
supported by substantial evidence, the court "must review the administrative record as a whole,
weighing both the evidence that supports and the evidence that detracts from the Commissioner's
conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80
F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences
reasonably drawn from the record. *Batson*, 359 F.3d at 1193.  When the evidence will support
more than one rational interpretation, the court must defer to the Commissioner's interpretation.
*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human
Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the court is not whether
the Commissioner could reasonably have reached a different conclusion, but whether the final
decision is supported by substantial evidence.  It is incumbent on the ALJ to make specific
findings so that the court does not speculate as to the basis of the findings when determining if the
Commissioner's decision is supported by substantial evidence.  Mere cursory findings of fact
without explicit statements as to what portions of the evidence were accepted or rejected are not
sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981).  The ALJ's findings "should

be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 416.920(a); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 416.972(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.

*Id.* § 416.922; *see also* Social Security Rulings ("SSRs") 85-28 and 16-3p.[2]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 416.920(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; *see also* SSRs 96-4p and 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b) and 416.965. If the individual has the RFC to perform his/her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). If he/she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. 20 C.F.R. § 416.912 and 416.960(c). The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

The Court notes that SSA revised its rules on January 18, 2017 and the revisions were made effective as of March 27, 2017. Some of the new rules apply only to applications filed before that date and some after that date. As Plaintiff filed her claim before March 27, 2017, the 2017 revisions do apply to her case except for those rules that apply only to claims failed after that date. See, e.g., 20 C.F.R. § 416.927 and 416.920(c).

**3.     Analysis**

**a.     Whether the ALJ's Medical Opinion Assessment Is Sufficient**

Plaintiff contends that the ALJ failed to properly weigh the medical opinion evidence and failed to properly determine her RFC. (ECF No. 15). She takes issue with the little weight given to treating pain management specialist Dr. Barone because it was not based on objective evidence. Plaintiff contends it is fully supported by the medical evidence of record and claims the ALJ did not consider all of the factors in 20 C.F.R. § 416.927. Further, Plaintiff also argues that

1   the limited weight assigned to examining physician Dr. DeCarlo is not supported based on the

2   ALJ's own belief that the examination findings did not warrant such limitations.  As such,

3   Plaintiff claims that the basis for the RFC limitation is "a mystery."  (ECF No. 15, p. 18).

4          The Commissioner responds that the ALJ properly weighed the medical opinion evidence

5   and the RFC is supported by substantial evidence.  (ECF No. 17, p. 11-14).  The ALJ accorded

6   little weight to Dr. Barone's opinions because they overestimated Plaintiff's restrictions

7   compared to the objective medical evidence, including treatment notes and the orthopedic

8   specialist's clinical findings.  As such, the Commissioner argues that the ALJ provided specific

9   and legitimate reasons for discounting Dr. Barone's opinion.  Further, the Commissioner contends

10  that the ALJ did not need to accord more weight than the limited weight he assigned to Dr.

11  DeCarlo's opinion because it was inconsistent with his examination.  The Commissioner also

12  notes that the ALJ spent five and half pages summarizing the medical and other evidence relevant

13  to Plaintiff's functioning and the consistency of the medical opinions.  Further, the Commissioner

14  contends that the ALJ incorporated numerous limitations in the RFC, which resulted in postural,

15  manipulative, and environmental restrictions for reduced range of sedentary work.  The

16  Commissioner claims that Plaintiff fails to explain why she is totally disabled as opposed to the

17  very severe limitations assigned to that period of time.

18         Plaintiff replies that the Commissioner's post-hoc arguments cannot be utilized to uphold

19  the ALJ's findings.  (ECF No. 20).  Plaintiff emphasizes that Dr. Barone assessed Plaintiff with a

20  RFC that would result in a finding of her being disabled for the challenged time period.  She

21  claims that physical exams are always going to show some normal findings, but a layman like the

22  ALJ cannot substitute his judgment for a specialist like Dr. Barone.  Plaintiff also contends that

23  the ALJ cannot cherry-pick which objective findings to find persuasive.

24         In deciding how much weight to give a medical opinion, the ALJ considers factors

25  including, e.g., the treating or examining relationship of the opinion's source and the claimant;

26  how well the opinion is supported; and how consistent the opinion is with the record as a whole.

27  See 20 C.F.R. § 404.1527(c).  In evaluating medical opinions, the ALJ must provide "clear and

28

convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

The ALJ found that Dr. Barone's statement that Plaintiff was totally disabled from any gainful employment at that time is entitled to no weight because it is a treating physician's opinion on the ultimate issue of disability, which is not binding on SSA.  AR 440.  The ALJ is not bound to rubber stamp an opinion – even that from a treating physician and a specialist – that is conclusory and inadequately supported.  *See Caudhry v.* Astrue, 688 F.3d 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (quoting *Bray*, 554 F.3d at 1228).

Further, the ALJ went on to summarize Dr. Barone's opinion as to Plaintiff's limitations, which would result in a finding of disability for the period at issue in this appeal, and the ALJ gave that part of the opinion little weight.  AR 441.  In doing so, the ALJ gave a narrative explanation of why the restrictions opined by Dr. Barone are too restrictive compared to the objective medical evidence.  He compared and contrasted the exertional, postural, manipulative, and environmental limitations differences in Dr. Barone's opinion and the assigned RFC.  Most importantly, the ALJ supported his deviation from Dr. Barone's opinion with specific MRI findings, pain management notes, x-rays, CT scans, and clinical findings from 2013-2017.  It was not just one medical record that the ALJ cherry-picked to support his reduced sedentary RFC and there is absolutely no indication that the ALJ ignored probative evidence.  Rather, it is clear that the ALJ considered all of the medical evidence of record, all of the opinion evidence, and the subjective statements in crafting the RFC as less restrictive than Dr. Barone's opinion and the little weight assigned was supported by a sufficient explanation.  AR 441-442.

Similarly, for the ALJ's assignment of limited weight to Dr. DeCarlo's more restrictive opinion, there is an appropriate explanation in the decision to support that determination.  For example, the ALJ summarizes the January 3, 2012 consultative examination, the normal findings, the diagnoses, and then underscored those findings that contradict the more restrictive RFC limitations.  AR 440.  Although the Court understands Plaintiff's argument that it is strange for an

ALJ to not fully credit an examining physician's opinion, that argument is simply not enough to find a harmful error.  There are many situations in which an examining physician, who is not simply a mindless physician opining at the will of SSA, may submit an opinion that does not sufficiently take into consideration the full evidence of record as a whole.  Further, the Court agrees that the ALJ cannot just substitute his judgment for a physician's opinion, but it simply does not find that is what occurred in this case.  Here, the ALJ went through the steps of highlighting each RFC limitation he assigned and why he found it more appropriate than Dr. DeCarlo's more restrictive limitation as the objective medical evidence did not show extreme limitations in standing and walking and sitting.  This is clearly sufficient under Ninth Circuit precedent that requires specific reasons for rejecting the opinion of an examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.2014).  The ALJ's decision to assign limited weight to Dr. DeCarlo's opinion is sufficiently explained in the decision and well-supported by the overall record such that the Court may not substitute its judgment.  *See Burch*, 400 F.3d at 679.

Ultimately, the Court will find no harmful error in the opinion evidence assessment that requires remand.  It notes that it very carefully scrutinized this case given its history of remand.  Indeed, the ALJ must do more than state conclusions . . . [he] must set forth . . . [his] own interpretations and explain why they, rather than the doctors', are correct.'"  *Garrison*, 759 F.3d at 1012 (citation omitted).  The Court finds this was complied with as the ALJ set forth a lengthy discussion of the medical evidence and other evidence of record as a whole and gave specific reasons for the reduced sedentary RFC.  As such, if the record will support more than one rational interpretation, the court must uphold the Commissioner's interpretation.  *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  Therefore, the Court finds that the ALJ's opinion evidence assessment is supported by substantial evidence and the RFC finding is free from substantial error.

1           **b.**      **Whether the ALJ's Analysis of Plaintiff's Subjective Statements Is Supported**

2        Plaintiff also argues that the ALJ failed to properly evaluate her subjective statements.

3 She claims that the ALJ's evaluation is boilerplate language rather than the required clear and

4 convincing reasons, mischaracterizes the record, and should not have been rejected solely because

5 the objective medical evidence contradicts it. (ECF No. 15, p. 18-20).

6        The Commissioner responds that the ALJ provided sufficient reasons for discounting

7 Plaintiff's subjective statements regarding intensity, persistence, and limiting effects of her

8 symptoms. (ECF No. 17, p. 9-11). He considered the objective medical evidence that was

9 inconsistent with Plaintiff's alleged extreme limitations. For example, a lumbar spine MRI from

10 November 21, 2011 showed mild degenerative disease and a cervical spine MRI from July 29,

11 2015 showed a 3mm broad-based disc bulge with annular tear causing mild spinal canal stenosis

12 and mild flattening with no neural foraminal stenosis. As for her knee pain, she had normal range

13 of motion on June 29, 2011 and her left knee x-rays from July 7, 2011 showed osteoarthritis, but

14 the joint space was reasonably well preserved and Dr. Brislin was concerned that the pain seemed

15 out of proportion to what was noted on the clinical exam and x-rays. AR 305 and 439. In

16 addition to conflicting objective findings, the Commissioner also points to the contradictory level

17 and amount of treatment that Plaintiff received as another factor that the ALJ considered as it was

18 conservative treatment.

19        While an ALJ must consider a plaintiff's representations about her symptoms and

20 limitations, her statements about her "pain or other symptoms will not alone establish that" she is

21 disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every

22 allegation of [disability], or else disability benefits would be available for the asking, a result

23 plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However,

24 absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the

25 claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37

26 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to

27 what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481

28 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out

numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding).  As the Ninth Circuit has recognized, this is not an easy requirement to meet because the "clear and convincing standard is the most demanding required in Social Security cases."  *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  *Burch*, 400 F.3d at 680.  This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  Moreover, the Court notes that SSR 16-3 clarified that the ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence.  An ALJ's decision is sufficiently supported when the ALJ summarizes facts and conflicting clinical evidence in a detailed and thorough fashion, stating her interpretation and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting that case law does not require an ALJ to expressly state: I reject __ because of __ reason).  If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's.  *Robbins*, 466 F.3d at 882.

Here, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not fully supported.  AR 439.  Specifically, he noted that he took into consideration her testimony and allegations of symptoms and limitations.  Then, he clearly articulated that he was not questioning the existence of pain, but rather, the degree of pain and her subjective symptoms alleged.  The ALJ expressly stated that he found the objective clinical findings did not support the degree of pain and functional limitations alleged by Plaintiff and went on to highlight the specific contradicting MRIs of her spine and knee, clinical examination findings, x-rays, and treatment recommendations for exercise.  AR 439.  Thus, the medical treatment in the record conflict with Plaintiff's claim of disabling level pain and

1    symptoms.  *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly

2    rejected where the ALJ "reasonably noted" evidence that pain had come under control).

3           The State agency psychological consultant opined that Plaintiff had mild limitations in all

4    Paragraph B criteria except for no episodes of decompensation.  AR 437.  This contradicted

5    Plaintiff's contention that she cannot cope with stress such that she would be unable to maintain a

6    job.  In addition, Dr. Brislin was concerned that pain from the knee seemed to be out of

7    proportion to what was noted on the clinical exam as well as the x-ray findings.  AR 439.  As

8    such, the medical opinion evidence supports the ALJ's finding that Plaintiff's testimony is

9    inconsistent with the overall record.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th

10   Cir. 2008) (medical source reports support the ALJ's determination)

11          After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain

12   and other symptoms, the Court finds that he complied with the Ninth Circuit standard such that it

13   may not substitute its judgment for that of the ALJ's.  *See Burch*, 400 F.3d at 679.  Therefore, the

14   Court finds that the ALJ's subjective statements evaluation of Plaintiff is supported by substantial

15   evidence and free from reversible legal error.

16   **III.    CONCLUSION AND ORDER**

17          Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No.

18   14) is **denied.**

19          IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No.

20   17) is **granted.**

21          IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly

22   and close the case.

23          DATED: December 9, 2020

24

25   _____

26   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

27

28